# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MATTHEW BAILEY,

        Plaintiff,

    v.                                          Case No. 10-C-955

DEBORAH McCULLOCH, et al.

        Defendants.

---

## ORDER

---

Plaintiff, a resident of the Sand Ridge Secure Treatment Center, filed this action under 42 U.S.C. § 1983 alleging that the supervisors at the center failed to protect him from an attack by a fellow patient. Plaintiff has moved for leave to file this lawsuit *in forma pauperis*, and my review of his affidavit indicates that he lacks sufficient funds. The filing fee will therefore be waived.

Section 1915(e)(2) requires, however, that a court dismiss any action brought *in forma pauperis* if the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Plaintiff alleges that he was stabbed in the shoulder or arm with a pen by another patient, whose name is Tatter, and Tatter had previously done similar things on three previous occasions. As such, the Defendants should have known that Tatter posed a danger to Plaintiff and should have protected Plaintiff from him.

It is certainly true that prison officials, as well as officials of a facility like Sand Ridge, must ensure that they do not knowingly place those in their custody in harm's way. Thus, an official may be found liable under the Eighth or Fourteenth Amendment if he knowingly places a violent inmate

in a cell with another inmate, or if he knows of a specific threat to a given inmate and does not remove the inmate from that threat. Here, however, all that is alleged is a general awareness that Tatter had a proclivity for using pens inappropriately.

"Demonstrating deliberate indifference towards a prisoner's safety needs requires a showing that the inmate was 'incarcerated under conditions posing a substantial risk of serious harm,' and a showing that individual prison officials had subjective knowledge of the risk of harm, which they personally disregarded." *Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008) (citations omitted). In that case, the Seventh Circuit concluded that prison staff had no liability because there was no showing that any of the defendants had perceived a concrete risk to the Plaintiff. "There is no genuine issue of material fact concerning the assaults Grieveson suffered at the hands of angry, unstable, violent inmates because there is no evidence demonstrating that any of the named officers knew about these threats to Grieveson's safety." *Id.* at 777. Here, because there is no allegation that anyone knew about a *specific* risk to Plaintiff's safety, the claim amounts to an assertion that the facility directors should have kept Tatter away from *any* inmates. It is doubtful that a few previous incidents involving pens would suffice to allow a facility like Sand Ridge to keep a patient in solitary confinement, however. In addition, attacks like those alleged in the complaint are unfortunately part and parcel of life in prison or in a facility like Sand Ridge. "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any control over crowding and other systemic circumstances." *Riccardo v. Rausch,* 375 F.3d 521, 525 (7th Cir. 2004). Finally, even if the Defendants knew Tatter had stabbed three other inmates with a pen, it is doubtful that such conduct would place them on notice of a *substantial* risk

2

of *serious* harm. Patients at facilities like Sand Ridge have much more freedom than prison inmates, and they roam freely and have access to all kinds of potential weapons, including pens and pencils, not to mention their own fists. Absent knowledge that injuries from a pen had a significant likelihood of causing serious injury, it will be difficult to show that the Defendants are liable.

Even so, all that the Federal Rules require is notice pleading. Although it appears unlikely that the allegations contained within the complaint will amount to a § 1983 claim, one would be able to envision facts, not contained within the complaint, that could create liability on the part of the Defendants. For example, if they knew of a specific threat to Plaintiff, or if Tatter had been in the midst of a violent spree and was allowed to mingle with the rest of the patients, Plaintiff might have a case. On the other hand, if Tatter had used a pen to harm other inmates only a few times over the course of several years, or if the individual Defendants now sued had no knowledge of Tatter's previous acts, there would be little reason for the Defendants to be found liable here. In sum, the complaint will be allowed to proceed to allow for further factual development so that these questions may be explored more fully.

Plaintiff has also moved for appointment of counsel. There is no constitutional or statutory right to counsel in federal civil cases. *Pruitt v. Mote,* 503 F.3d 647, 656 (7th Cir. 2007). Nevertheless, a district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. When a litigant requests court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Id.* Here, there is no indication that Plaintiff has attempted to do so. As such, that alone would be a basis for denial of his motion. Even if he had attempted to secure counsel, however, the motion would be denied. In considering whether to appoint counsel, a district court must evaluate the

3

complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. On this latter point, Plaintiff alleges that he is a mental health patient with no experience in the law and has another patient helping him with typing and preparation. Even so, Plaintiff has thus far managed to file a complaint that states a federal claim, and the nature of his claim is perfectly clear. Should the case proceed further or become more complex than it now appears, the question of appointed counsel may be revisited. For now, however, the motion will be denied.

The motion for leave to proceed *in forma pauperis* is **GRANTED**, meaning that the filing fee is waived. The motion to appoint counsel is **DENIED**.

Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the complaint and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those defendants on whose behalf they have agreed to accept service of process.

**SO ORDERED** this ___28th___ day of October, 2010.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

4