UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW BAILEY,

    Plaintiff,

v.                                                            Case No. 10-C-955

DEBORAH MCCULLOUGH, et al.

    Defendants.

**ORDER**

In his *pro se* complaint, Sand Ridge patient Matthew Bailey sued Deborah McCullough, the director at Sand Ridge, as well as Steve Watters, whom counsel for McCullough indicates is retired from state employment. The case was transferred to the magistrate judge upon the consent of the parties, but Watters (not having appeared) has not given consent to such a transfer. As such, the transfer is technically not yet effective.

Further review of the complaint and exhibits, however, indicates that it is unclear against whom the Plaintiff's allegations are actually leveled. He asserts throughout that "staff" knew about his assailant's past problems and should have protected him from the inmate who stabbed him with a pen, but he provides no more detail than that. Accordingly, I am reluctant to order service on a now-retired state employee when there is no indication in the complaint that he could be liable for Plaintiff's injuries. I therefore conclude that the complaint fails to state a claim against Watters, and any claims against Defendant Steve Watters will therefore be **DISMISSED** without prejudice. If Plaintiff has specific allegations against Watters, he may file an amended complaint to that effect.

And even though the remaining parties have consented to transfer to the magistrate judge, I will retain the case so that in the event Plaintiff does file an amended complaint, the same problem will not arise. At this point, the clerk may enter a scheduling order. Finally, nothing in this order is intended to foreclose the remaining Defendant from moving to dismiss on similar or other grounds, though it may be that such a motion may be premature. *See Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981) (holding that where pro se prisoner has alleged facts sufficient to state claim, district court should proceed even if allegations don't fully support personal responsibility of named defendant and allow the named defendant to assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred).

**SO ORDERED** this   9th   day of November, 2010.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge